IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Criminal Case No. 11-cr-00490-RBJ-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARL WALTON RAMONDE,

    Defendant.

**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION**

This matter is before the Court on movant Carl Walton Raymonde's motions to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 330, 331. For the reasons stated herein the § 2255 motion is DENIED.

## I. BACKGROUND

On April 30, 2014 Mr. Raymonde, represented by counsel, pled guilty to Counts 1 and 2 of the Indictment charging Possession of a Firearm by a Prohibited Person and Possession of Methamphetamine with Intent to Distribute. ECF No. 287. At the Sentencing Hearing on July 22, 2014, the Court determined that Mr. Raymonde qualified for career offender enhancement under Sentencing Guideline § 4B1.2(b), and that the applicable Guidelines numbers were Offense Level 31, Criminal History Category VI, recommended range 188–255 months. ECF No. 320 at 22 (transcript). The Court sentenced Mr. Raymonde to 120 months on Count 1 and 216 months on Count 2, to be served concurrently, and supervised release on the two counts of three and five years, also to be served concurrently. ECF No 310 (judgment).

New counsel was appointed to represent Mr. Raymonde on appeal, who filed a brief

1

appealing the substantive reasonableness of the sentence and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). On May 15, 2015 the Tenth Circuit dismissed the appeal and granted counsel's motion to withdraw. ECF No. 327-1. The mandate issued on June 8, 2015. ECF No. 328.

On August 30, 2018 Mr. Raymonde, representing himself, filed two motions to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 330 and 331. The motions asserted that pursuant to *United States v. McKibbon*, 878 F.3d 967 (10th Cir. 2017), his 2001 conviction for possession with intent to distribute marijuana in violation of Colo. Rev. Stat. § 18-18-405(1)(a) was not a "controlled substance offense" and could not qualify as a predicate for career offender enhancement under Sentencing Guideline § 4B1.2(b). Because he believes that he, therefore, did not have the necessary two predicate offenses, he argues that his career offender designation was unwarranted, and his sentence should be vacated due to ineffective assistance of counsel.

On September 28, 2018 the government responded by arguing that the motion was untimely. ECF No. 338. The response did not address the merits of defendant's motion, although it became clear at the hearing that the government does not now argue that the 2001 conviction for possession of marijuana with intent to distribute is a qualifying predicate offense. Mr. Raymonde replied, ECF No. 339, and also moved for appointment of counsel, ECF No. 343, which I granted. ECF No. 344. Counsel from the CJA panel entered an appearance on August 15, 2019. ECF No. 347.

The Court held a hearing on December 12, 2019. ECF No. 357 (transcript). During the hearing the government and the probation officer suggested that one or even two other prior convictions in Mr. Raymonde's criminal history might qualify as predicate offenses for career offender status. If so, then Mr. Raymonde's classification as a career offender would still be

2

correct. Defendant disagrees that any of his other prior convictions qualifies as a predicate offense. ECF No. 358 at 2–8.

On March 24, 2020 I found that Mr. Raymonde's § 2255 motion was timely filed pursuant to the doctrine of equitable tolling. ECF No. 359 at 6–8. I allowed supplemental briefing on the remaining two issues: (1) whether there were at least two qualifying predicate offenses for purposes of career offender status even after eliminating the 2001 marijuana conviction, and, if not, (2) whether trial or appellate counsel's failure to anticipate the Tenth Circuit's ruling in *McKibbon* constitutes ineffective assistance of counsel. *Id.* at 8. The government filed a supplemental brief, ECF No. 360, Mr. Raymonde filed a supplemental brief through his counsel, ECF No. 361, and Mr. Raymonde filed his own supplemental brief on his own behalf, ECF No. 362.

## II. ANALYSIS

### A. Qualifying Predicate Offenses

The Sentencing Guidelines provide that a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1. At that time that Mr. Raymonde was sentenced, a "crime of violence" was defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

3

U.S.S.G. § 4B1.2(a) (2014).

In light of the Tenth Circuit's ruling in *McKibbon*, 878 F.3d 967, the parties do not dispute that Mr. Raymonde's prior conviction for possession of marijuana with intent to distribute is not a qualifying predicate offense. The parties instead dispute whether Mr. Raymonde's 2003 conviction for third-degree assault in violation of Colo. Rev. Stat. § 18-3-204 constitutes a crime of violence for the purpose of determining career offender status.

Mr. Raymonde is correct that in 2005, the Tenth Circuit held in *United States v. Perez-Vargas* that third-degree assault did not qualify as a crime of violence under the "elements clause," § 4B1.2(a)(1), because the language of the statute did not "necessarily include the use of threatened use of 'physical force' as required by the Guidelines.'" 414 F.3d 1282, 1287 (10th Cir. 2005)). However, just weeks after its decision in *Perez-Vargas*, the Tenth Circuit clarified in *United States v. Paxton* that third-degree assault constituted a crime of violence under the "residual clause," § 4B1.2(a)(2). *See* 422 F.3d 1203, 1207 (10th Cir. 2005). The court explained that third-degree assault "involves conduct that presents a serious potential risk of physical injury to another" under § 4B1.2(a)(2). Thus, at the time that Mr. Raymonde was sentenced in 2014, the Tenth Circuit had "held that a Colorado third degree assault is categorically a crime of violence under U.S.S.G. § 4B1.2(a)." *United States v. Krejcarek*, 453 F.3d 1290, 1295 (10th Cir. 2006) (citing *Paxton,* 422 F.3d at 1207).

Although the Sentencing Commission's Amendment 798 repealed the residual clause two years after Mr. Raymonde's sentencing, *see* U.S.S.G. App'x C Supp., Amend. 798 (Jan. 21, 2016) (effective Aug. 1, 2016), this amendment does not apply retroactively. Specifically, a court may reduce a sentence when the "sentencing range . . . has subsequently been lowered by the Sentencing Commission" only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable

4

policy statements provide that an amendment may apply retroactively only if the amendment is expressly listed in U.S.S.C. § 1B1.10(d). *See United States v. Avila*, 997 F.2d 767, 767 (10th Cir. 1993); *see also United States v. Torres–Aquino*, 334 F.3d 939, 940–41 (10th Cir. 2003) (holding reduction of sentence under § 3582(c)(2) based on amendment not listed in § 1B1.10(c) is not authorized). Amendment 798 is not listed in § 1B1.10(d) and therefore cannot provide retroactive relief to Mr. Raymonde.

Mr. Raymonde's conviction for third-degree assault constituted a crime of violence at the time of his conviction, and Amendment 798 does not apply retroactively. Mr. Raymonde concedes that his conviction for menacing in violation of Colo. Rev. Stat. § 18-3-206 constitutes a crime of violence. ECF No. 361 at 4. Thus Mr. Raymonde properly had two qualifying predicate offenses at the time of his conviction for the purposes of determining career offender status.

Accordingly, Mr. Raymonde's motion to vacate his sentence pursuant to § 2255 is denied.

### B. Ineffective Assistance of Counsel

A claim for ineffective assistance of counsel requires a defendant to show that: (1) his attorney's performance was unreasonable under prevailing professional norms and (2) there is a reasonable probability that the attorney's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–97 (1984). "This court may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

5

Because there were two qualifying predicate offenses even setting aside the marijuana conviction, Mr. Raymonde did not suffer any prejudice.

## ORDER

Defendant's motions to vacate his sentence, ECF Nos. 330, 331, are DENIED.

DATED this 29th day of June, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge