UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 11-cr-00490-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARL WALTON RAYMONDE,

    Defendant.

---

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

---

    Mr. Raymonde, through counsel, moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 378. Specifically, he asks that his sentence either be modified to time served or reduced by three years so that he could qualify for the BOP drug program. *Id.* at 1. The government opposes the motion. ECF No. 382. Defendant has replied. ECF No. 385. After considering the motion, response and reply, the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the Court now grants the motion in part for the following reasons:

    1.    Mr. Raymonde is a 53-year old gentlemen currently housed at medium facility at FCI Butner, North Carolina. On April 30, 2014 Mr. Raymonde pled guilty to (1) Felon in Possession of a Firearm and Ammunition, and (2) Distribution of Methamphetamine. ECF No. 287. On July 22, 2014 he was sentenced to concurrent terms of imprisonment of 120 and 216 months; concurrent terms of three and five years' supervised release; and restitution of

$22,832.88.  ECF Nos. 308 and 310.  His Guideline range was 188-235 months on an Offense Level 31and Criminal History Category VI.

2. By the Court's count he has served approximately 57% (3673 of 6480 days) of the total sentence.  His projected release date is March 20, 2027.  Using that date, he has served approximately 65% of his sentence.

3. In support of his motion, Mr. Raymonde provides seven reasons that he believes, collectively, add up to an extraordinary and compelling reason to reduce his sentence: (1) he is in a high risk category for complications if he is infected by COVID-19 due to high blood pressure, shortness of breath, obesity, his history of smoking, and an undiagnosed neurological disorder; (2) changes to the Sentencing Guidelines that affect his exposure under the career offender guideline; (3) his rehabilitation efforts; (4) the time already served; (5) the trauma experienced by inmates at FCI-Butner during the pandemic; (6) his cooperation with prison authorities; and (7) family support.  He also explains how and when he exhausted his administrative remedies.

4. The medical conditions listed by Mr. Raymonde have been recognized by the CDC as placing individuals in a higher risk category for more serious complications if they are infected with COVID-19.  He also has other medical issues including a history of heart-related issues and the effects of drug use and overdose.  His age, 53, arguably puts him in a somewhat higher risk category as well.  However, it is noteworthy that Mr. Raymonde has been in the facility throughout the pandemic months and has not been infected.  Also, he has been vaccinated against COVID in the facility.  There is no doubt that incarcerated individuals are at risk, and defendant asserts (but the government disputes) that there have been 25 inmate deaths and one staff death resulting from COVID at the Butler facility.  However, it must also be said that the BOP has instituted a number of measures in its prisons, including at FCI-Butner, to try to

protect inmates and staff during the pandemic, and apparently, they have been successful with respect to Mr. Raymonde. It does not surprise this Court that there have been some serious COVID results at this facility, as FCI-Butner is a BOP facility to which inmates with serious medical conditions are frequently sent.

5. Defendant points out that some courts, including the Tenth Circuit, have indicated that changes in sentencing laws can be considered in evaluating a motion under § 3582(c). But, as defendant acknowledges, the change that he brought up in a 28 U.S.C. § 2255 motion concerning his marijuana conviction, while accurate, did not affect his sentence, because he was a career offender for other reasons. *See U.S. v. Raymonde,* 858 F. App'x 263, 264 (10th Cir. May 26, 2021 (unpublished). Nor is this Court persuaded that Mr. Raymonde's extensive criminal history is overstated.

6. Defendant argues, and I agree, that an inmate's rehabilitation efforts, while not extraordinary and compelling reasons for compassionate release, are facts that the Court can consider in assessing such a motion. Defendant's summary of his accomplishments in prison is impressive. *See* ECF No. 378 at 20-22.

7. The government's opposition begins with a summary of the crimes Mr. Raymonde committed and his criminal history which includes five prior felony convictions. ECF No. 382 at 2-5, 7. He is a violent offender who has a history of drugs, firearms, and the commission of violent acts. The government continues to regard him as a community safety risk.

8. The criteria for an extraordinary and compelling reason for a compassionate release listed in the Guidelines are not met here. Mr. Raymonde does not have a terminal illness or a chronic and debilitating health condition. He is not 65 years old, and he is not a caregiver

for an incapacitated person or child.  However, the government acknowledges that the Court can consider other factors.  *Id.* at 6.

9.	The government agrees that a non-retroactive change in the law that benefits the inmate is a factor, though not a dispositive factor, that courts can consider.  However, the facts that persuaded courts in the cases cited by defendant do not apply here.  Also, his criminal history is not overstated.  *Id.* at 7-11.  The government emphasizes the fact that Mr. Raymonde has been fully vaccinated with the Pfizer vaccine, which reduces the risk that he will contract COVID or experience serious complications if he does.  *Id.* at 13-14.  And, while it is true that inmates have contracted COVID at FCI-Butner, the number is substantially less than defendant states, and contrary to the defendant's argument, only two inmates have died (versus nine who have died on home confinement).

10.	In reply, counsel disputes that Mr. Raymonde is a violent person and danger to the community, based on her experience with him; notes that his sentence was very long; and emphasizes again defendant's rehabilitative and educational accomplishments in prison, notably including his attaining a GED.  ECF No. 385.  Counsel states that even a reduction of the sentence to 188 months would make him closer to RDAP qualification.  *Id.* 385.

11.	Considering the totality of the circumstances, the Court finds that some modification of the sentence would be fair and appropriate.  Mr. Raymonde does have a complicated and fairly serious medical history, albeit that he has brought much of it on himself by smoking and drugging.  There is no evidence that he has not received adequate medical care in the BOP, as evidenced in part by the fact that he has not contracted COVID and has been fully vaccinated.  Nevertheless, his medical history (and the burden it imposes on the BOP) and his age weigh somewhat in favor of a modification.  His efforts to rehabilitate himself, improve his

education, and generally, to behave himself in custody are factors that do not alone support a modification but are part of the context in which the Court considers the motion. Unlike most of the compassionate release motions this Court has received, he has served approximately two-thirds of his sentence, and it was a long sentence. I do not disagree with the government that Mr. Raymonde's record paints him as a community safety risk. However, the same record will still be there whether he is released at his projected release date or sooner. I cannot, of course, guarantee that he will adhere to the straight and narrow when he is ultimately released, but there are signs that he might come out a more positive community member than when he went in. While none of this warrants release at this time, but the Court finds sufficient support for a modification.

## ORDER

For the reasons discussed in this order, defendant's motion for a compassionate release, ECF No. 378, is GRANTED IN PART. Defendant's sentence is reduced from 216 to 188 months incarceration. No other change is made to the sentence imposed.

Dated: October 28, 2021

By the Court

*[signature: Brooke Jackson]*

R. Brooke Jackson
U.S. District Court Judge